[No. 16377. Department One. June 10, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. J. G. WASHBURN, *Appellant*. [1]

WITNESSES (78)—CROSS-EXAMINATION—LIMITATION TO SUBJECTS OF DIRECT EXAMINATION. Where the testimony of a witness as to certain facts had been stricken by the court, the refusal of the court to allow the cross-examination of the witness for the purpose of laying a foundation for his impeachment with reference to the stricken testimony was proper.

EVIDENCE (186)—BODILY CONDITION—NON-EXPERT EVIDENCE—ADMISSIBILITY—IN GENERAL. In a prosecution for rape, it is admissible for a woman, present at the time of the examination of the prosecutrix by a physician, to state what she observed, as the same was not expert testimony.

CRIMINAL LAW (25)—EVIDENCE—WEIGHT AND EFFECT. The state is not bound in a criminal prosecution to produce witnesses who agree entirely in their statements concerning a transaction, the question of their credibility being for the jury to determine.

APPEAL (121, 405)—PRESERVATION OF GROUNDS—REVIEW—BURDEN OF SHOWING ABUSE OF DISCRETION. Where the record on appeal does not set forth the showing made by the defendant to secure a continuance, it must be presumed that the trial court properly exercised its discretion in refusing to grant a continuance.

CRIMINAL LAW (299)—TRIAL—RECEPTION OF EVIDENCE—REBUTTAL. Error cannot be predicated on the fact that a witness for the state, called in rebuttal of defendant's testimony upon matters not covered by her testimony in chief, had been permitted to restate the whole case, where her examination was confined to four questions addressed to proper rebuttal testimony.

Appeal from a judgment of the superior court for Lewis county, Abel, J., entered April 6, 1920, upon a trial and conviction of rape. Affirmed.

*Gus L. Thacker*, for appellant.

*Herman Allen, J. H. Jahnke (John I. O'Phelan*, of counsel), for respondent.

[1]Reported in 198 Pac. 980.

Holcomb, J.—The appellant appeals from a verdict and judgment convicting him on an information charging him with having wilfully, unlawfully and feloniously carnally known and abused Bula Morgus, a female child over the age of ten years and under the age of fifteen years, and not the wife of appellant, in Lewis county, Washington, on December 2, 1918.

The evidence in the case shows that, on December 2, 1918, Bula Morgus was almost twelve years of age. Her parents reside in South Bend, Washington. For about two weeks prior to December 2, 1918, she had been on a visit to her uncle in St. Helens, Oregon. Leaving St. Helens to return home, she was accompanied by the wife of her uncle to Kalama, Washington, she continuing the journey from Kalama, Washington, by herself, to Chehalis, Lewis county, where it was necessary for her to make a change of trains to proceed to South Bend. While at the depot in Chehalis, she became acquainted with appellant. He took her to a restaurant and gave her her dinner, and when she had finished and returned to the depot the train had departed for South Bend, so that she could not go on that night. Appellant then suggested that they go to Centralia and secure rooms there, to which the girl consented, and they went by street car to Centralia. Appellant took the girl to the Landers Hotel, and registering for both as "Mr. and Mrs. Brown," they were assigned a room. The girl was not in the presence of the landlady of the hotel when appellant registered. Appellant and the girl went to a show, and returned afterwards to the hotel and went up to the room. The landlady of the hotel shortly afterwards went to the room and asked appellant if the girl was his wife. He stated that she was. The landlady asked him why the girl wore her hair down in braids, and wore such short dresses.

Appellant explained that that was because they were traveling on the road so much. He stated to the landlady that the girl was seventeen years of age and that they had been married for about a year and a half. The landlady then left them and did not molest them further. Appellant and the girl occupied the room that night, both occupying the same bed, and the offense, according to the girl's testimony, was committed that night.

The first assignment of error by appellant is that the court erred in refusing him the right to lay the foundation for impeaching witness John Morgus, the father of the prosecuting witness.

Morgus testified as witness for the state and, among other things, testified as to the visit of the girl to St. Helens, her return journey, stopping at Chehalis, and going on to Centralia with appellant. All of this testimony was over the objection of counsel for appellant and, on motion, was stricken by the court and the jury instructed to disregard it. Counsel for appellant then questioned Morgus as to his acquaintance with a Mrs. Leber of South Bend, and upon objection being sustained thereto upon the ground that it was not proper cross-examination, appellant offered to lay the foundation by the witness that he had made statements to Mrs. Leber to the effect that he did not know anything about the journey of the girl to Chehalis and Centralia from St. Helens, and that the girl did not always tell the truth in any event.

The testimony of Morgus having been stricken respecting the journey of the girl from St. Helens to Chehalis and Centralia, the offer of proof made by counsel for appellant was certainly improper. The proposed questioning of the witness Morgus was not within the scope of his direct examination, was not

proper cross-examination, and was certainly not a proper method of attempting to impeach the prosecuting witness.

The next error claimed is that the court allowed the witness Amanda Williams to testify as an expert and give impeaching testimony of Dr. Kennicott, who was another of the state's witnesses.

No testimony was asked of Mrs. Williams as an expert. She was merely asked to state what she saw at the examination of the girl by Dr. Kennicott. This was perfectly proper and competent. The whole of her testimony was confined to what she observed during the examination. Her testimony disagreed somewhat with that of Dr. Kennicott, but the state is not bound to produce witnesses who agree entirely in their statements concerning a transaction. The question of credibility of witnesses is for the jury to weigh and determine.

The next error assigned is that the court refused to grant a continuance to enable appellant to secure the testimony of one S. M. Ragan. Ragan was a person mentioned by appellant as having occupied a room in another hotel in Centralia than the one shown by the state, in company with appellant on the night of December 2-3, 1918. He had been subpoenaed as a witness at the previous trial of the same case in September, 1919, and appeared two days late for the trial. Upon this trial counsel for appellant made an attempt to show why Ragan was late at the previous trial, and also some kind of a written showing to the court to explain the necessity of the attendance of Ragan as a witness, the materiality of his testimony, and why counsel believed he was not present when the case was tried in March, 1920. Whatever showing appellant made to the trial court as to the materiality of the testimony of Ragan and the circumstances excusing his

nonattendance in March, 1920, is not before us, not having been brought up in the record. We are therefore obliged to presume that the trial court correctly exercised its discretion upon whatever the showing was in refusing a continuance.

The next error assigned is that the court allowed Mrs. Landers, a witness for the state, to restate the whole case in rebuttal. There is no merit whatever in this contention. Mrs. Landers was the landlady of the hotel at which it was shown appellant and the girl stayed all night. She was asked and answered four questions to rebut evidence given by appellant. Her testimony in rebuttal was proper rebuttal testimony of the testimony of appellant, which had not been covered by her testimony in the case in chief. In any event, it cannot be presumed that appellant was prejudiced thereby.

The judgment is affirmed.

PARKER, C. J., BRIDGES, MACKINTOSH, and FULLERTON, JJ., concur.